878 F.2d 1431
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherrell Eugene WALKER, Defendant-Appellant.
 No. 88-5180.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided June 29, 1989.
 
 Before K.K. HALL, Circuit Judge, RICHARD L. WILLIAMS, United States District Judge for the Western District of Virginia, sitting by designation, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 Karen Lynn Ely-Pierce (Gerald T. Zerkin, Frank M. Feibelman, Gerald T. Zerkin & Associates on brief) for appellant.
 Charles Christopher Casalnova, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney, N. George Metcalf, Assistant United States Attorney on brief) for appellee.
 PER CURIAM:
 
 
 1
 Sherrell Eugene Walker appeals his convictions for assault (18 U.S.C. Sec. 113(d)), arson (18 U.S.C. Sec. 81) and theft (18 U.S.C. Sec. 661). Walker's sole argument for reversal is that the government failed to establish that he committed the crimes within the special territorial jurisdiction of the United States at Fort Lee, Virginia. Because we conclude there was sufficient evidence in the record to support the verdict in this respect we affirm.
 
 I.
 
 2
 Although territorial jurisdiction is an essential element of any offense, it need not be established beyond a reasonable doubt. United States v. Bowers, 660 F.2d 527, 531 (5th Cir.1981). Rather, the location of the crimes need only be shown by a preponderance of the evidence. Id. Of course, in determining whether that burden has been satisfied, the evidence must be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942). In addition, jurisdiction may be established by direct or circumstantial evidence. United States v. Collins, 395 F.Supp. 629, 632 (M.D.Pa.), aff'd, 523 F.2d 1051 (3d Cir.1975).
 
 
 3
 The victim, Martha Young, testified she was stationed at Fort Lee and resided at 19308-A Jackson Circle on the date of the assault on February 6, 1988 and on the date of the arson and theft on March 22, 1988. She also testified that Walker lived nearby in the same building with his sister. She also stated that a television which was stolen and later found in Walker's residence was located in her son's room.
 
 
 4
 Assistant Fire Chief Kofron of Fort Lee testified that he investigated the fire scene on March 22, 1988. He received a call that a smoke detector was sounding in quarters in the "19000 area of the post." Agent Foreman testified she investigated a fire and theft at "quarters 19308-A" and Agent Daniels testified he assisted the agents concerning a possible arson at "quarters on Jackson Circle at Fort Lee, Virginia." When this testimony is coupled with the parties' stipulation that Fort Lee is a special territorial jurisdiction, there is sufficient evidence to establish that the arson and theft occurred on a federal enclave.
 
 II.
 
 5
 The location of the assault is a more difficult issue. Young testified that she decided to go out on February 6, 1988. She left her apartment and approached the car of a friend who was also stationed at Fort Lee. Both Young and her companion stated that Walker came running from his sister's apartment across the yard to the automobile. Walker began hitting Young and a scuffle ensued with the two eventually winding up on the ground. Friends of Young pulled her away and back into her apartment. However, Young ran back out of the apartment holding a glass with which she planned to hit Walker. When the glass fell and broke, Walker picked up a piece and began approaching Young. Young's friends again pulled her back into her apartment. These events indicate that the car where the assault took place was located near the apartment. When this evidence is combined with the evidence concerning the arson and theft investigation, it is sufficient for a jury to find the assault took place on federal property. We do note that Walker brought forward no contrary evidence.
 
 
 6
 We are, nonetheless, prompted to comment on the government's slipshod presentation of the evidence on this issue. In all likelihood defense counsel, who must have known there was in fact no defense to the action on territorial jurisdictional grounds, would have stipulated that the crime, if committed at all, occurred on government property. In any event, one simple question to any one of the officers who testified would have established the fact that the crimes were committed well within the limits of Fort Lee which defendant did readily admit was within the special territorial jurisdiction of the United States. Upon request the court itself would have taken judicial notice of this fact. See Government of Canal Zone v. Burjan, 596 F.2d 690 (5th Cir.1979) (court judicially noticed boundaries of federal property for the first time on appeal).
 
 
 7
 Instead, we find counsel six months later locked in battle in this court over a simple issue with respect to which from the beginning there could have been only one answer. It is hoped that this will not happen again.
 
 The judgment of the district court is
 
 8
 AFFIRMED.